## ROZIENE v. BALL.

1. **Evidence:** OPINION OF WITNESS: PREJUDICIAL ERROR.  In an action to recover for services under a contract to procure a loan, whereby it was agreed that the loan was to be secured by a first mortgage upon real estate, the title to which should be perfect, the admission of testimony, which consisted simply of the opinion of a witness respecting the identity of a party who at one time owned the property, was *held* to be error justifying a reversal.

*Appeal from Chickasaw Circuit Court.*

MONDAY, JUNE 9.

THE petition states that the plaintiff and defendant entered into a contract whereby the former undertook to negotiate a loan for the latter, according to certain terms, and in accordance with plaintiff's customary rules and regulations, which were to be complied with by the defendant; that if plaintiff should succeed in negotiating said loan in accordance with said rules and regulations the defendant was to pay him the sum of ninety dollars for his services; that plaintiff fully performed said contract on his part, but that the defendant refused to do so on his.

The rules and regulations referred to were made a part of the petition. The answer consists of a general denial, and that defendant informed plaintiff's agent if he did not procure said money for him immediately, he, defendant, did not want and would not receive it. After waiting four months he was notified by said agent that the loan could not be obtained, and thereupon defendant hired the money of another. There was a trial by jury, verdict and judgment for the defendant, and plaintiff appeals.

*Hiram Shaver,* for appellant.

No appearance for appellee.

Roziene v. Ball.

SEEVERS, J.—From the rules and regulations referred to in the petition it appears the loan was to be secured by a first mortgage on real estate, the title to which should be perfect. On the trial the plaintiff introduced evidence showing that the title of record of the land proposed to be mortgaged was at one time in "William W. Ritchen," and that one "W. W. Kitchen" had conveyed to the defendant. This evidence tended to show that "William W. Ritchen" never had conveyed to any one. It must, we incline to think, be regarded as doubtful whether, under the issues, this evidence was material. But it was not objected to, and the object sought by its introduction was to show, without much doubt, that the defendant's title of record was imperfect.

<span style="float:left">1. EVIDENCE: opinion of witness: prejudicial error.</span>

The defendant, for the purpose of showing title in himself, introduced one Birdsall, who testified he at one time had business relations with W. W. Kitchen, and acted as his agent in selling the land to the defendant; "that his attention had been attracted to the defect in the title, but he thought it arose from a mistake of the recorder in recording the name of Ritchen when it should have been Kitchen. He was not sure; this was his opinion, based on the fact that Kitchen claimed to own the land, and the fact that the 'K' might be easily mistaken for an 'R'; * * * that he thought Ritchen and Kitchen were one and the same person. Did not know whether they were or not. Both this opinion and the one as to there being a mistake in recording the deed from Rickee to Ritchen are based on the facts above given."

The plaintiff moved to "strike out and withhold from the jury" the said evidence because it was not the best evidence; was immaterial, irrelevant and incompetent. The motion was overruled. It should have been sustained. The evidence was clearly incompetent. At best it consisted of the opinion of the witness.

We have hesitated greatly whether there should be a reversal for the reason the evidence was erroneously admitted;

because under the issues the evidence was apparently immaterial, and was not, therefore, prejudicial, for the reason it had no tendency to establish any issue made in the pleadings. But after much reflection we feel satisfied that the cause was tried in the court below upon the theory the plaintiff must establish that the defendant did not have a perfect title to the land which he agreed to mortgage, and, therefore, he could not comply with the contract. Such being the case we would not be warranted in holding an error committed below was not prejudicial, which was material and prejudicial on the theory the trial was had in such court. Besides this the point is not made by counsel that the error was not prejudicial, for the reason the evidence could not affect the issues made in the pleadings.

REVERSED.